IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MICHAEL TRAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-5084-SSA-CV-SW-WAK |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Claimant Michael Travis seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled and unable to work beginning on November 1, 2006. The parties briefed the issues, and on August 18, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Michael Travis is in his early to mid-fifties. He has a high school education and work experience as a crane operator, combination welder, disassembler and landscape laborer. He initially claimed he became disabled in November 2000, but after a period of work, amended his disability onset date to November 1, 2006. He states he is unable to work because of asthma, depression and severe shoulder, back and hip pain. Travis testified he could stand for about

thirty minutes at a time and sit for approximately ten minutes before needing to get up and move around.

After reviewing the evidence, the administrative law judge (ALJ) found plaintiff had the "following severe impairments: asthma controlled with treatment, degenerative disc disease of the lumbar and cervical spine, arthritis of the hip, degenerative joint disease and A/C separation of the shoulder, degenerative joint disease of the knee s/p surgery, and depression controlled with medication." (TR 17.) The ALJ did not find plaintiff's depressive disorder to be severe within the meaning of the Social Security Act. Ultimately, the ALJ determined Travis (1) had the residual functional capacity to perform light work as defined in the regulations, (2) could not do his past relevant work, but (3) could perform jobs such as small product assembler or housekeeper/cleaner as described by the vocational expert.

Travis seeks judicial review of this decision and claims the ALJ relied too heavily on the opinion of Dr. Ash, made an improper credibility determination, and relied upon expert vocational testimony rather than using the Grid rules.

Dr. Charles Ash[2] performed a consultative examination of claimant on January 24, 2008. He commented that his findings were primarily subjective and that his medical source statement was based on objective findings. His office note shows a diagnosis of "degenerative arthritis lumbar spine, second-degree AC separation both shoulders, probable degenerative arthritis right hip." (TR 407.) His medical source statement opines that claimant can occasionally lift twenty pounds, frequently lift ten pounds, and stand and/or walk about six hours in an 8-hour workday. He states sitting, pushing and pulling are not affected by claimant's impairments, but that he should only occasionally climb, balance, kneel, crouch, crawl or stoop. Claimant should not engage in constant reaching.

Prior to that, in April and May 2006, plaintiff was evaluated for and attended some vocational rehabilitation at Lakes Country Resource Center. The recommendation was that Travis participate in a one or two-year schooling or training program in a more sedentary, physically appropriate career field than his previous jobs. (TR 309-13.) The evaluation implies

---

[2]Dr. Ash's letterhead indicates he is a Fellow, American College of Surgeons and a member of the American Academy of Orthopaedic Surgeons.

3

plaintiff may have had unrealistic expectations, but clearly does not suggest he was incapable of working.

Dr. Gibbons, plaintiff's treating physician, referred him to vocational rehabilitation in 2006, and that referral was viewed by the ALJ as an indication Gibbons believed Travis had the physical ability to perform work if it was less strenuous than what he was doing as a landscape laborer.

The overall objective medical evidence, including X-rays and MRI's, clearly demonstrates that claimant has mild-to-moderate degenerative conditions which cause him pain. The issue, however, is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

Claimant's work and medical history, as set forth in the administrative record, demonstrate that his condition generally responded to treatment and/or medication. Some of the medical records suggest there might be a psychogenic component to plaintiff's pain, and plaintiff acknowledges having had temper problems while working at some of his previous jobs. None of his treating doctors during the relevant period said he was physically incapable of working[3], and some physicians believed his problems could have been exaggerated.

Plaintiff had a mixed earnings record, which could have led the ALJ to believe there were times when Travis was not very motivated to work. Further, he worked at a physically demanding job after seeking benefits previously, which was relevant to the ALJ's credibility analysis.

When claimant's record is considered as a whole, there is substantial evidence in the record to support the opinion of Dr. Ash, and the ALJ did not err in adopting much of that opinion when determining claimant's residual functional capacity. Likewise, the ALJ did not err in his credibility analysis or in relying on the vocational expert.

---

[3]The only opinion that he couldn't work was from Dr. Beaver in 2004, which was two years before the amended onset date, and was before plaintiff went back to work as a landscape laborer.

4

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's testimony and to give weight to Dr. Ash's opinion. Further, the agency's decision is supported by substantial evidence on the record as a whole.

Accordingly, for these reasons and those set forth in more detail in the Commissioner's suggestions, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 2nd day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge